UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKRAM SAFADI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-cv-1817(RMC) |
| ) | |
| PAUL NOVAK, District Director, ) | |
| U.S. Citizenship and Immigration Services, et al. ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff opposes the Defendants' motion to dismiss. The Defendants seek dismissal of this suit by arguing that the decision of the District Court in the Eastern District of Virginia in Safadi v. Howard, 466 F. Supp. 2d 696 (E.D. Va. 2006), to dismiss the Plaintiff's previous action on jurisdictional grounds, precludes litigation of the same jurisdictional question in this Court. Although the Plaintiff concedes that the Court addressed the same jurisdictional question in Plaintiff's previous cause of action to compel adjudication of his pending application of adjustment of status, Plaintiff's complaint argues that new facts, specifically, the Defendants' recently acknowledged loss of the Plaintiff's visa petition and supporting documents, undermine the basis for the Eastern District's jurisdictional holding and should allow this Court to consider the Plaintiff's action. See Declaration of Akram Safadi, ¶¶10-14 (Exh. 13).

The Defendants argue that issue preclusion bars this suit. See Yahama Corp. of America v. United States, 961 F.2d 245 (D.C. Cir. 1992); Nextwave Personal Communications, Inc. v. FCC, 254 F.3d 130 (D.C. Cir. 2001). Although the Defendants

acknowledge the "curable defect" exception to the doctrine of issue preclusion, the Defendants maintain that there are no new facts that allow for the exception to apply in this action. That is wrong. The curable defect exception "permits an action to proceed if the jurisdictional ground for dismissal of the original suit has been remedied by occurrences arising after the dismissal of the first action." See Newdow v. Bush, 355 F. Supp. 2d 265, at 274-5 (D.D.C. 2005). If the jurisdictional defect "could be remedied by occurrences subsequent to the original dismissal," issue preclusion is inappropriate if the fact is "separate and apart from the past and completed transactions that constituted the cause of action." See Dozier v. Ford Motor Company, 702 F.2d 1189, at 1192 (D.C. Cir. 1983).

New and distinct facts have emerged since the decision from the Eastern District of Virginia that significantly undermine that court's jurisdictional holding. Specifically, it has become clear that a source of the delay in the adjudication in the Plaintiff's application is the fact, never articulated by the Government during proceedings in the Eastern District of Virginia, that Defendants could not locate key visa petitions and documents related to the Plaintiff's application for adjustment of status and required the Plaintiff to supply them anew to the Defendant. See Complaint ¶ 29; Safadi Declaration ¶10-14; Email from U.S. Attorney Tavana to Thomas Ragland dated May 3, 2007, Exhibit 14; Email from U.S. Attorney Tavana to Andres Benach dated May 9, Exhibit 15; Email from CIS Counsel Parascando to Andres Benach dated May 23, 2007, Exhibit 16; Letter from Andres Benach to Bridget Parascando, Exhibit 17. It was only in May 2007, four months after the dismissal of the suit in the Eastern District of Virginia, that Defendants stated, for the first time in the five years since the Plaintiff's application and

petition were filed, that key relevant documents were missing. <u>See</u> Plaintiff's Exhibit 14. This revelation came *after* the Defendants had informed the court that the delay in Plaintiff's case was due solely to the processing of security checks. In a declaration submitted to the Eastern District, Defendants stated that "following these security checks, there are issues requiring further inquiry by USCIS to determine the applicant's eligibility for lawful permanent resident status." <u>See</u> Declaration of Todd Reader, ¶¶8-10, (Plaintiff's Exh. 12). In the previous proceeding, Defendants stated no other reason for the delay in the processing of the Plaintiff's application and they now make the same statement before this Court, refusing to acknowledge their own disorganization in having lost the Plaintiff's original filing and its effect on the processing delay. <u>Id.</u> Defendants have once again stated, in identical language, that "issues requiring further inquiry" demand that the Defendants have unlimited time to adjudicate Plaintiff's application. <u>See</u> Canney Declaration ¶¶ 11, Defendant's Exh. 1.

The importance of security checks was an integral part of the ruling in the Eastern District of Virginia. The court qualified its ruling, however, disallowing Defendants to delay adjudication indefinitely. The court wrote:

> Importantly, not addressed here is the question whether jurisdiction would exist in a district court to review plaintiff's case where USCIS refused altogether to process an adjustment application or where the delay was so unreasonable as to be tantamount to a refusal to process the application. This case presents no such facts. To be sure the nearly four years thus far consumed in the processing of plaintiff's application is far from an inconsiderable period of time and it is easy to understand the plaintiff's frustration. It is also understandable that the length of the process is causing the plaintiff substantial hardship. Nonetheless, in this post 9/11 world USCIS must carefully and thoroughly investigate adjustment application to ensure that they are not granted without appropriate good cause. <u>Safadi</u> 466 F. Supp. 700-01.

It is clear that the court's ruling on jurisdiction depended upon the sincerity of the CIS's reasons for the "substantial" delay and the court's acceptance that security checks lay at the root of the processing delay.  However, subsequent occurrences, specifically, the CIS's request for a complete copy of the Plaintiff's I-140 immigrant visa petition -- documents necessary to the adjudication of the application for adjustment of status -- demonstrates that the CIS did not provide a full accounting of the sources of delay to the court.  It is impossible to imagine that the court would have found the delay reasonable if CIS had honestly stated that they had misplaced the Plaintiff's visa petition and supporting documents.  The Eastern District's jurisdictional ruling was predicated upon a good faith reliance on the Defendants' representations to the court that security concerns, and security concerns alone, were the cause of the delay.

The Defendants continue to act as if they never lost the Plaintiff's documents.  Rather, they have recycled the Reader declaration and renamed it the Canney declaration.  See Plaintiff's Exhibit 12, Defendant's Exhibit 1. The Canney declaration is a testament to a complete lack of progress in the adjudication of the Plaintiff's application since the decision that was issued by the Eastern District of Virginia, over one year ago. Id. With the adjustment application now over five years old, Defendants are in the situation contemplated by the predecessor court, "where the delay was so unreasonable as to be tantamount to a refusal to process the application." Safadi, 466 F. Supp. At 701.  In addition, the Defendants assert that the Plaintiff has failed to respond to a December 7, 2007 notice of action on the previously lost I-140 petition.  See Canney Declaration, Defendant's Exhibit 1 at ¶ 13.  To the contrary, Plaintiff has promptly responded to this notice.  See Declaration of Akram Safadi ¶ 19 Plaintiff's Exhibit 13.  Defendant's lack of

candor about the lost petition and documents severely undermines the stated reasons for this inordinate delay.

The Defendants' loss of the Plaintiff's documents is a new fact that remedies the jurisdictional defect cited by the Eastern District of Virginia. The Plaintiff is "not merely relying" on the same facts that were present in the previously litigated matter, but has rather complained of new facts that directly undermine the basis for the Eastern District's ruling.  See Dozier, 702 F.2d at 1193 FN. 4.

The Defendants also assert that this Court lacks jurisdiction over this action because 8 U.S.C. §1252(a)(2)(B)(ii) divests courts of jurisdiction over discretionary actions and decisions of the CIS. The Defendants cite the handful of courts, including the Eastern District of Virginia in Safadi v. Howard, that have found that this section deprives the Court of jurisdiction to hear this matter, but fail to mention that the vast majority of courts have rejected the Safadi reasoning and have held that Courts have jurisdiction to address long-pending delays in CIS's adjudication of applications that have a discretionary component.[1]

---

[1] *See, e.g., Ren v. Mueller,* No. 6:07-790, 2008 WL 191010, at *6 (M.D. Fla. Jan. 22, 2008); *Camerena v. Chertoff,* No. 07-822, 2008 WL 161481, at *3-4 (N.D. Ill. Jan. 16, 2008); *Lidems v. Mukasey,* No. 07-476, 2008 WL 171078, at *2 (E.D. Wis. Jan. 16, 2008); *Xia v. Gonzales,* No. 07-728, 2008 WL 168672, at *1 (W.D. Wash. Jan. 15, 2008); *Al Kurdy v. USCIS,* No. 8:07-225, 2008 WL 151277, at *4 (D. Neb. Jan. 10, 2008); *Garrido v. Mueller,* No. 3:07-1502, 2008 WL 89631, at *4 (N.D. Neb. Jan. 8, 2008); *He v. Chertoff,* No. 02-363, 2008 WL 36634, at *7 (N.D. Ill. Jan. 2, 2008); *Sherdil v. Chertoff,* No. 07-629, 2007 WL 4564111, at *2 (D. Ariz. Dec. 20, 2007); *Ansari v. U.S. Citizenship & Immigration Serv.,* No. 8:07-160, 2007 WL 4553920, at *4 (D. Neb. Dec. 18, 2007); *Mitova V. Chertoff,* No. 07-2631, 2007 WL 4373045, at *3 (E.D. Pa. Dec.13, 2007) ; *Zhu v. Chertoff,* No. 07-4104, 2007 WL 4365733, at *2 (W.D. Mo. Dec. 11, 2007); *Jin v. Heinauer,* No. 2:07-68, 2007 WL 4287657, at *3 (S.D. Ohio Dec. 4, 2007); [*11] *Ahmadi V. Chertoff,* No.3:07-0255, 2007 WL 4181659, at *2 (N.D. Tex. Nov. 27, 2007); *Asrani v. Chertoff,* No. 07-1673, 2007 WL 3521366, at *3 (D. Minn Nov. 14, 2007); *Shah V. Hansen,* No. 1:07-1576, 2007 WL 3232353, at *4 (N.D. Ohio Oct. 31, 2007); *Saleem v. Keisler,* No. 06-712-, 2007 WL 3132233, at *4-5 (W.D. Wis. Oct. 26, 2007); *Belegradek v. Gonzales,* No.1:07-589, 2007 WL 3091078, at *2 (N.D. Ga. Oct. 18, 2007); *Sawad v. Frazier,*  No. 07-1721, 2007 WL 2973833, at *2-3 (D. Minn. Oct. 9, 2007); *Bondarenko v. Chertoff,* No. 07-2, 2007 WL 2693642, at *5 (W.D.N.Y. Sept 11, 2007); *Dona v. Chertoff,* 513 F. Supp. 2d 1158, 1165 (N.D. Cal. Sept. 6, 2007); *He v. Chertoff,* No. 2:07-14, 2007 WL 2572359, at *3 (D. Vt. Sept. 4, 2007); *Liu v. Novak,* 509 F. Supp. 2d 1, 6-7 (D.D.C. 2007); *Tong v. Chertoff,* No. 07-

Even assuming *arguendo* that the results of the background check are the true cause of the delay in this case, the defendants fail to provide any detailed information about the state of the case, which has remained unchanged since at least December 2006. The information provided by the defendants in this case is generic, recycled and unspecific and far less revelatory than the information that the Eastern District of Virginia found lacking in Aslam v. Mukasey, No. 1:07cv331, 2008 WL 220708 at *6 (E.D.Va., Jan 25, 2008). In addition, the court in that case considered a nearly identical factual scenario as this court does, where an individual has been allowed to live in the U.S. for decades, yet is unable to obtain resident status because of vague background check delays. *Id.* at *7.

Based on the foregoing, the Plaintiff respectfully opposes the Defendant's motion to dismiss, and urges the Court to deny the motion in its entirety. Furthermore, the Plaintiff respectfully requests that the Court compel the Defendant and those acting under him to immediately perform their legal duty to adjudicate the Plaintiff's application for adjustment of status. In the alternative, the Plaintiff requests that the Court permit the Plaintiff to commence with discovery pursuant to FRCP 26.

---

203, 2007 WL 2462187, at *4 (E.D. Ky. Aug. 29, 2007); *Liu v. Chertoff,* No. 06-2808, 2007 WL 2433337, at *4 (E.D. Cal. Aug. 22, 2007); *Totonchi v. Gonzalez,* No. 1:07-256, 2007 WL2331937, at *3-4 (N.D. Ohio Aug. 13, 2007); *Cao v. Upchurch,* 496 F. Supp. 2d 569, 573 (E.D. Pa. 2007); *Konchitsky v. Chertoff,* No. 07-294, 2007 WL 2070325, at *3 (N.D. Cal. July, 13, 2007); *Landry v. Chertoff,* No. 07-506, 2007 WL 2007996, at *2-3 (E.D. La. July 5, 2007); [*12] *Tang,* 493 F. Supp. 2d at 153-54; *Qui v. Chertoff,* No. 07-0578, 2007 WL 1831130, at *3 (N.D. Cal. June 25, 2007); *Pool v. Gonzales*, No. 07-258, 2007 WL 1613272 (D.N.J. June 1, 2007); *Koren v. Chertoff,* No. 3:07-157, 2007 WL 1431948, at *3 (D. Conn. May 14, 2007); *Huang v. Gonzales*, No. 07-96, 2007 WL 1302555, at *3 (W.D. Wash. May 2, 2007); *Linville v. Barrows*, 489 F. Supp. 2d 1278, 1282 (W.D. Okla. 2007); *Duan v. Zamberry,* No. 06-1351, 2007 WL 626116, at *2-3 (W.D. Pa. Feb. 23, 2007).

Respectfully submitted,

**MAGGIO & KATTAR**

 /s/ Thomas K. Ragland
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone:  (202) 483-0053
Fax:  (202) 483-6801

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AKRAM SAFADI )<br><br>    Plaintiff, )<br><br>v. )<br><br>PAUL NOVAK, District Director, )<br>U.S. Citizenship and Immigration Services, et al. )<br>    Defendants. ) | Civ. No. 07-cv-1817(RMC) |

### DECLARATION OF AKRAM SAFADI

I, Akram Safadi, hereby declare:

1. I filed an application for adjustment of status to permanent residence on November 22, 2002.

2. My application for adjustment of status was based upon a pending I-140 immigrant petition filed by International Community Marketing (ICM) on my behalf on June 8, 2001.

3. ICM filed the I-140 immigrant petition with the Texas Service Center of the then-Immigration & Naturalization Service (INS).

4. To this date, I have not received any decision on my application for adjustment of status nor has there been any adjudication of ICM's I-140 petition on my behalf.

5. Due to this delay, I filed a complaint for a writ of mandamus before the U.S. District Court for the Eastern District of Virginia on September 15, 2006 to compel the adjudication of my application for adjustment of status.

6. The Government informed the court that it could not complete adjudication of my case because there were outstanding questions related to the background checks. They indicated that this was the only reason that my case remained unadjudicated.

7. The court dismissed my claim, finding that there was no jurisdiction for the court to entertain my case.

8. On August 21, 2006, I filed an application for employment authorization with the Vermont Service Center of the Citizenship & Immigration Service (CIS).

9. Although the regulations provide that employment authorization must be issued within 90 days of filing, the CIS made no decision on my application for over 180 days, at which point I filed suit in the U.S. District Court for the District of Vermont to compel adjudication of my application for employment authorization. I agreed to voluntary dismissal of that suit when the CIS issued an employment authorization document to me.

10. In the course of that litigation, I was stunned when my attorneys informed me that the CIS had requested a complete copy of the I-140 petition filed on my behalf by ICM.

11. Although I had a receipt notice for the filing of the I-140 petition and the CIS insisted that they were processing my case, it seemed that this key petition and supporting materials were missing from the CIS file.

12. The attorneys for the Government never mentioned to the Court in Virginia that they were missing anything and instead informed the court that the reason for the delay was solely due to security checks.

13. Within 24 hours of the Government's request on May 2, 2007, my attorneys sent a copy of the I-140 immigrant petition and supporting documents to the government.

14. On May 30, 2007, my attorneys responded to a May 23, 2007 request from Ms. Bridget Parascando, counsel for CIS, asking for additional previously submitted materials related to the I-140 petition.

15. On August 1, 2007, my attorneys contacted Ms. Parascando for further information and she reported that she had no further update.

16. I filed the present action on October 9, 2007.

17. On December 7, 2007, the CIS requested evidence on my I-140 petition.

18. Most of the evidence they requested had already been submitted and was old.

19. I gathered as much evidence as I could and responded through my attorneys on January 20, 2007.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of February, 2008

*/s/ Akram Safadi*
Akram Safadi

## Thomas Ragland

**From:** Thomas Ragland
**Sent:** Thursday, May 03, 2007 1:01 PM
**To:** 'Tavana, John (USAVT)'
**Subject:** RE: Safadi v. Novak - copy of I-140/labor cert

John,

I sent you an e-mail this morning with the I-140 materials attached as a .pdf document. However, the e-mail bounced back. So I'm faxing it to you, fax # 802-951-6540. Let me know if you don't receive it.

Thanks,
Thomas

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW, Ste. 775
Washington, D.C. 20036
T: 202-483-0053 ext. 109
F: 202-483-6801
www.maggio-kattar.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

**From:** Tavana, John (USAVT) [mailto:John.Tavana@usdoj.gov]
**Sent:** Thursday, May 03, 2007 10:56 AM
**To:** Thomas Ragland
**Subject:** RE: Safadi v. Novak - copy of I-140/labor cert

Thomas:
The attachment you sent has the labor cert., but does not inlcude the original I-140 petition and supporting documentation. That is what CIS is looking for. Perhaps Mr. Safadi has a copy of it in his records. Please let me know if this is something you can find or if you can point me in the right direction.
Thanks,
John Tavana

**From:** Thomas Ragland [mailto:tragland@maggio-kattar.com]
**Sent:** Wednesday, May 02, 2007 12:43 PM
**To:** Tavana, John (USAVT)
**Cc:** Andres Benach
**Subject:** Safadi v. Novak - copy of I-140/labor cert

Dear Mr. Tavana,

As requested. Thanks for your efforts on this, hopefully we can achieve a resolution soon.

Best regards,
Thomas

Thomas K. Ragland

5/3/2007

## Andres Benach

**From:** Tavana, John (USAVT) [John.Tavana@usdoj.gov]
**Sent:** Wednesday, May 09, 2007 3:12 PM
**To:** Andres Benach
**Subject:** Safadi 485

Andres:
CIS has not given me a date yet for issuance of the extension. I hope to have word tomorrow.
However, they have asked me to reach out to you about some items they need to adjudicate the 485. While I am strongly disinclined to become a part of the admin process, since it is not in any way my role, out of respect for your position in trying to help your client get an adjudication, I am forwarding the list of items they say are missing from the file relating to the underlying I-140, essential to adjudication of the 485. If this is not a straightforward request, I will get out of the middle. If it is, then perhaps you can gather the information and I will figure out who it should be sent to directly.

```
"According to the support letter referencing Ability to Pay Salary submitted by
ICM, a number of Exhibits were mentioned and are missing from the package.

a. Exhibit B--copies of the U.S. Petitioner's 1997 to 1999 Tax Returns.
b. Exhibit C--copy of the Educational Evaluation from Modus Operandi.
c. Exhibit E--company brochures, submitted in support of ICM's need of an
"Engineering Computer Programmer who can develop computer programs for publishing
materials and translating texts from Arabic to English."

d. The support letter indicated the 1999 gross annual income as sic $14,330.377.
CIS is not sure what this amount is and the 1999 Tax Returns is needed to verify
the income."
```

John Tavana

5/15/2007

## Andres Benach

**From:** Andres Benach
**Sent:** Wednesday, May 23, 2007 6:25 PM
**To:** 'Parascando, Bridgette H'
**Subject:** RE: Safadi I-140/I-485

Thank you. I will do this this week. Let me know if you have any questions.

Kind regards,
Andres

Andres C. Benach
Senior Attorney
MAGGIO & KATTAR
11 Dupont Circle, NW
Suite 775
Washington, DC 20036
202-483-0053
FAX: 202-483-6801

www.maggio-kattar.com

---

**From:** Parascando, Bridgette H [mailto:Bridgette.Parascando@dhs.gov]
**Sent:** Wednesday, May 23, 2007 5:31 PM
**To:** Andres Benach
**Subject:** FW: Safadi I-140/I-485

Mr. Benach,

AUSA Tavana forwarded me you email. Would you be so kind as to send the following as your earliest convenience:

- According to the support letter referencing Ability to Pay Salary submitted by ICM, a number of Exhibits were mentioned and are missing from the package: 1)   Exhibit B. copies of the U.S. Petitioner's 1997 to 1999 Tax Returns; 2) Exhibit C. a copy of the Educational Evaluation from Modus Operandi; 3) Exhibit E.  company brochures, submitted in support of ICM's need of an "Engineering Computer Programmer who can develop computer programs for publishing materials and translating texts from Arabic to English."

- The support letter indicated the 1999 gross annual income as $14,330,377. The 1999 Tax Returns are needed to verify the income.

Please send the documents to me at USCIS, Office of Chief Counsel, 70 Kimball Avenue, Suite 103, South Burlington, VT 05403 and I will forward them on.

Many thanks.

*Bridgette H. Parascando*
*Associate Counsel USCIS*
*Vermont Service Center*

---

**From:** Andres Benach [mailto:acbenach@maggio-kattar.com]
**Sent:** Wednesday, May 23, 2007 3:05 PM
**To:** Tavana, John (USAVT)
**Subject:** Safadi I-140/I-485

2/11/2008

John,

I hope you are well.

I have the materials sought by CIS related to Dr. Safadi's I-140 petition. I would rather communicate directly with CIS on this, both to assure that the matter is dealt with appropriately between us and CIS and to spare you the burden of being an intermediary, when none of this is your fault.

Please advise as to where I may send this material or ask them to communicate directly with me. I am sure CIS is as eager to resolve this as we are. If they need my notice of entry of appearance for the I-140 matter, I can get that to them easily.

Thanks,
Andres

Andres C. Benach
Senior Attorney
MAGGIO & KATTAR
11 Dupont Circle, NW
Suite 775
Washington, DC 20036
202-483-0053
FAX: 202-483-6801

www.maggio-kattar.com

2/11/2008



| MAGGIO KATTAR | Immigration and Nationality Attorneys | 11 Dupont Circle, NW Suite 775 Washington, DC 20036 | 202.483.0053 tel 202.483.6801 fax www.maggio-kattar.com |

Our file no. 06-125

VIA FEDERAL EXPRESS

May 30, 2007

Ms. Bridgette Parascando, Esq.
Associate Counsel, USCIS
Office of Chief Counsel
70 Kimball Avenue, Suite 103
South Burlington, VT 05403

Re:    Akram Safadi, A96 287 866
       I-140 Petition SRC-01-227-50673
       I-485 Application SRC-03-038-54378

Dear Ms. Parascando:

As per our communications, I have enclosed materials related to our client, Dr. Akram Safadi's application for adjustment of status and ICM's I-140 immigrant petition for an alien worker. We have been advised by Assistant U.S. Attorney John Tavana that the Citizenship & Immigration Service did not have the I-140 petition until we provided a duplicate copy last month and that CIS has now requested supporting materials related to the I-140. We thank you for agreeing to assist in bringing this case to a resolution.

Enclosed herein please find the following documents related to ICM's I-140 and Dr. Safadi's application for adjustment of status:

1. A complete copy of the I-140 Immigrant Petition filed on June 8, 2001 with requested evidentiary support materials.

2. Requests for withdrawal of I-140 Immigrant Petition on behalf of Dr. Safadi dated February 13, 2006 by Vyvary International, which is a successor-in-interest to ICM sent to Vermont Service Center and Texas Service Center.

3. Letters from ICM dated February 8, 2006 and March 6, 2006 to Texas Service Center by ICM withdrawing petition and confirming that ICM is no longer doing business and sold its assets and liabilities to Vyvary International on December 1, 2004.

Michael Maggio        Andrés C. Benach*    Sandra Grossman*    *Not admitted in
Elizabeth A. Quinn*   John Nahajzer        Nadeen Aljijakli*    Washington, DC
Melissa Frisk*        Amy R. Novick        Thomas Ragland*
James Alexander*      Cora D. Tekach

**MAGGIO KATTAR**

etter from Counsel to U.S. CIS Washington (WAS) District Office dated May 10, 2006 explaining Dr. Safadi's continued eligibility for adjustment of status under INA §204(j) because his new position with Guidance Financial Group is "same or similar" to the one in ICM's I-140 petition.

5. Job letter from Thomas Gainor, Senior Vice President and General Counsel at Guidance Financial dated April 24, 2006 describing Dr. Safadi's position as Senior Information Technology Coordinator.

6. Memos dated May 12, 2005 and December 27, 2005 from William Yates stating that even a withdrawn I-140, if withdrawn after the application for adjustment has been pending for more than 180 days, can still provide a basis for adjustment under INA §204(j) if the beneficiary has a new position which is the same or similar to the position in the original petition.

As you know, Dr. Safadi's I-485 has been pending since November 21, 2002, well in excess of the 180 days required for portability under INA §204(j). Even though his I-140 has not yet been adjudicated and has been withdrawn, Dr. Safadi may still adjust status as expressed in the two Yates memos attached as Exhibit 6. Our letter, attached as Exhibit 4, provides a strong legal and factual basis for Dr. Safadi's eligibility to adjust status based upon his current position as Senior Information Technology Coordinator with Guidance Financial, a position virtually identical to the position in ICM's labor certification and I-140. In light of this documentation, we ask that CIS promptly adjudicate and approve Dr. Safadi's adjustment of status and bring about overdue resolution to this situation.

We request that CIS note our representation on both the I-140 petition and the I-485 and that any follow-up be directed to our offices as attorneys of record. In addition, we would appreciate confirmation from you that this material has been forwarded to the appropriate adjudications officer and that we are informed as to which CIS office that is so we may direct any further information we may provide.

Thank you again for your assistance and please feel free to contact me with any questions you may have.

Sincerely,

MAGGIO & KATTAR

Andres C. Benach

cc: Akram Safadi
    Michael Maggio